Frank J. Kronenberg, J.
The question for determination in this case is whether a person granted conscientious objector status is entitled to the same deferments of repayment of student loans and interest that are allotted to draftees and other persons serving their Selective Service System (SSS) commitment.
In April, 1970, Mr. Zannie applied for a conscientious objector status. Local Board No. 89, after personally interviewing Mr. Zannie and one clergyman appearing in his behalf, agreed that he qualified for an 1-0 classification:
“ Class 1-0: Conscientious objector available for civilian work contributing to the maintenance of the national health, safety and interest.
“ (a) In Class 1-0 shall be placed every registrant who would have been classified in Class I-A but for the fact that he has been found, by reason of religious training and belief, to be conscientiously opposed to participation in war in any form and to be conscientiously opposed to participation in both combatant and non-combatant training and services in the armed forces.” (Code of Fed. Beg., tit. 32, § 1622.14).
*661 This classification requires that the registrant accept civilian work in the national interest in lien of military service, for the same mandatory length of time as that required for military service. (See U. S. Code, tit. 50, Appendix, § 456, subd. [j].)
In other words, the conscientious objector has to put in his time, whether it be in the service or as a civilian. Since the conscientious objector must do so, he should be entitled to the same benefits as the service man receives under subdivision 2 of section 653-b of the New York Education Law, which allows deferment of repayment of student loans until after fulfillment of SSS commitment.
Pursuant to the requirements of 1-0 status, Mr. Zannie was ordered by Local Board No. 89 to report for civilian work to the Gustaves Adolphus Children’s Home, 705 Falconer Street, Jamestown, New York, for a period of 24 months. Thus, Mr. Zannie was forced to uproot his home and to work for minimal wages which barely made it possible for him to support his family.
That section 653-b of the New York Education Law is not limited merely to military personnel is readily apparent from its provisions for those people in the Peace Corps and Vista.
It is therefore the opinion of this court that a conscientious objector should be entitled to the same privileges under 653-b as are those in the military, the Peace Corps, and Vista and any application of 653-b excluding the conscientious objector is a discrimination based on religious belief.